490 June 26, 2024 No. 440

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of M. L. G.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

J. A. G.,
*Appellant.*

Jackson County Circuit Court
22JU06052; A182864 (Control), A183227

David G. Hoppe, Judge.

Argued and submitted May 29, 2024.

Sean Connor, Deputy Public Defender, argued the cause for appellant. Also on the briefs was Shannon Storey, Chief Defender, Juvenile Appellate Section, Oregon Public Defense Commission.

Kate E. Morrow, Assistant Attorney General, argued the cause for respondent. On the brief were Ellen F. Rosenblum, Attorney General; Benjamin Gutman, Solicitor General; and Inge D. Wells, Assistant Attorney General.

Before Ortega, Presiding Judge, Powers, Judge, and Hellman, Judge.

ORTEGA, P. J.

Order limiting access to discovery vacated; remaining assignments of error dismissed as moot.

**ORTEGA, P. J.**

In this consolidated dependency case, father originally appealed from a permanency judgment changing the plan for his daughter away from reunification (A182864) and also from an order limiting his full access to discovery (A183227). Both the judgment and the order arose from the same hearing on September 27, 2023, at which father did not appear. The juvenile court, on the motion of the Department of Human Services (the department) has since vacated the permanency judgment because of a lack of evidence that father received adequate notice of that hearing. The action of the juvenile court vacating the judgment obviates the need to address father's first, second, fourth, and fifth assignments of error.

Father's remaining assignment of error challenging the order limiting discovery remains before us, as the department does not concede that issue. The department argues that child's motion asking for the order and requesting a hearing constituted sufficient notice to father that the court intended to hold a hearing on the motion.

We disagree. Even assuming that father received a copy of child's request for a hearing (which father disputes), the record does not establish that the request itself operated to give father notice that the court had granted the request and scheduled a hearing on it for September 27. That lack of notice deprived father of his rights to due process and a meaningful opportunity to participate in the hearing on child's motion. *See* ORS 419B.875(2) (establishing a right to notice of proceedings and an opportunity to participate in hearings); *see also State ex rel Juv. Dept. v. Geist*, 310 Or 176, 189-90, 796 P2d 1193 (1990) ("The essence of fundamental fairness is the opportunity to be heard at a meaningful time and in a meaningful manner" following notice of proceedings.). Accordingly, we vacate the order limiting discovery.

Order limiting access to discovery vacated; remaining assignments of error dismissed as moot.